# Court of Appeals
# of the State of Georgia

ATLANTA,  July 17, 2024

*The Court of Appeals hereby passes the following order:*

**A24A1713. DREVOISIER BROWN v. THE STATE.**

Drevoisier Brown was charged with numerous crimes in two separate indictments which were joined for trial. The first indictment charged him with six counts, including burglary. The second indictment charged him with three drug crimes. At trial, the State went forward on all charged counts except burglary. The jury found Brown guilty on all counts submitted for its consideration, and the trial court issued written judgments of conviction on those counts. Notably, however, the judgments did not address the burglary charge, and the record does not otherwise contain any disposition of that count. The trial court subsequently denied Brown's motion for new trial, and Brown filed this appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" A criminal case is not final or ripe for appeal until a sentence has been entered on each count of the indictment. See *Seals v. State*, 311 Ga. 739, 742 (2) (a) (860 SE2d 419) (2021), disapproved on other grounds in *Gonzales v. State*, 315 Ga. 661, 664 (1) (b) (884 SE2d 339) (2023). If a case remains pending, the defendant generally must comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b), including obtaining a certificate of immediate review from the trial court. See *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).

Here, the record does not contain any disposition of the burglary count. Thus, the case is still pending, and Brown was required to comply with the interlocutory appeal procedures of OCGA § 5-6-34 (b) and obtain a certificate of immediate review

to appeal his conviction and the denial of his motion for new trial. His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___07/17/2024_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] We note that Brown may seek appropriate appellate review upon the entry of a final judgment in this case.